JS-6

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | CV 16-549 PA (JPRx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Be Wicked, Inc. v. Travelers Property Casualty Company of America, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE |
|---|---|

| Stephen Montes Kerr | Not Reported | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**    IN CHAMBERS - COURT ORDER

The Court is in receipt of a Notice of Removal filed by defendant Travelers Property Casualty Company of America ("Travelers"). (Docket No. 1.) Travelers asserts that the Court has jurisdiction over this action on the basis of diversity. See 28 U.S.C. § 1332.

In the Complaint, plaintiff Be Wicked, Inc. ("Plaintiff") alleges that it is the tenant of a commercial property which suffered substantial water damage. Plaintiff submitted a claim to Travelers, its insurance carrier, seeking coverage for the property damage. The insurance claim was adjusted by Elvin Gomez ("Gomez"), who allegedly misrepresented that the loss was caused by a long-term water leak and was not a covered loss.

Plaintiff filed a Complaint in the Superior Court of the State of California for the County of Los Angeles against defendants Travelers and Gomez. The Complaint alleged four causes of action for: (1) breach of contract against Travelers; (2) breach of the implied covenant of good faith and fair dealing against Travelers; (3) violations of California Business & Professions Code §§ 17200 et seq. against Travelers and Gomez; and (4) negligent misrepresentation against Gomez. The Complaint also alleges that both Plaintiff and Gomez are citizens of California.

Travelers was served on December 28, 2015, and filed its Notice of Removal on January 26, 2015. Travelers contends that Gomez's citizenship should be disregarded for purposes of determining diversity jurisdiction because he was fraudulently joined.

"Federal courts are courts of limited jurisdiction," having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391, 395 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-549 PA (JPRx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Be Wicked, Inc. v. Travelers Property Casualty Company of America, et al. | | |

  To invoke this Court's diversity jurisdiction, removing defendants must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  A natural person must be a citizen of the United States and be domiciled in a state to establish "state citizenship" for diversity purposes.  Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983).  Persons are domiciled in the places they reside with the intent to remain or to which they intend to return.  See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001).  "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state."  Id.

  The Ninth Circuit has recognized an exception to the complete diversity requirement where a defendant has been "fraudulently joined."  Morris v. Princess Cruises, Inc., 236 F.3d 1061, 1067 (9th Cir. 2001).  If a plaintiff "fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent."  McCabe v. Gen. Foods Corp., 811 F.2d 1336, 1339 (9th Cir. 1987).  If the Court finds that the joinder of a non-diverse defendant is fraudulent, that defendant's presence in the lawsuit is ignored for the purposes of determining diversity.  See, e.g., Morris, 236 F.3d at 1067.

  "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion."  Plute v. Roadway Package Sys., Inc., 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001).  A claim of fraudulent joinder should be denied if there is any possibility that the plaintiff may prevail on the cause of action against the in-state defendant.  See id. at 1008, 1012.  "The standard is not whether plaintiffs will actually or even probably prevail on the merits, but whether there is a possibility that they may do so."  Lieberman v. Meshkin, Mazandarani, No. C-96-3344 SI, 1996 WL 732506, at *3 (N.D. Cal. Dec. 11, 1996); see also Good v. Prudential Ins. Co. of Am., 5 F. Supp. 2d 804, 807 (N.D. Cal. 1998) ("[T]he defendant must demonstrate that there is no possibility that the plaintiff will be able to establish a cause of action in State court against the alleged sham defendant.").  "In determining whether a defendant was joined fraudulently, the court must resolve 'all disputed questions of fact and all ambiguities in the controlling state law in favor of the non-removing party.'"  Plute, 141 F. Supp. 2d at 1008 (quoting Dodson v. Spiliada, 951 F.2d 40, 42-43 (5th Cir. 1992)).  A court should remand a case "unless the defendant shows that the plaintiff 'would not be afforded leave to amend his complaint to cure [the] purported deficiency.'"  Padilla v. AT&T Corp., 697 F. Supp. 2d 1156, 1159 (C.D. Cal. 2009) (quoting Burris v. AT&T Wireless, Inc., No. C 06-02904 JSW, 2006 WL 2038040, at *2 (N.D. Cal. July 19, 2006)).

  Travelers contends that Gomez was fraudulently joined because: (1) the third cause of action, alleging a violation of California Business and Professions Code § 17200, contains no allegations which allow Gomez to be held personally liable; and (2) the fourth cause of action, alleging that Gomez made negligent misrepresentations, fails because there is no privity of contract between Plaintiff and Gomez, Gomez cannot be sued in tort for a breach of contract, Gomez owed Plaintiff no independent personal duty, and the claim against Gomez is barred by the economic loss doctrine.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 16-549 PA (JPRx) | Date | February 2, 2016 |
|---|---|---|---|
| Title | Be Wicked, Inc. v. Travelers Property Casualty Company of America, et al. | | |

Travelers' arguments in favor of finding that Gomez was fraudulently joined largely attack the sufficiency of the claims as they are currently pleaded in the Complaint. However, to carry its "heavy burden of persuasion," Travelers must show that a court would dismiss the claims against Gomez without leave to amend. See Padilla, 697 F. Supp. 2d at 1159. Thus, for example, Travelers has failed to carry its burden as to the third cause of action because, if given leave to amend, Plaintiff could allege additional facts which would support a claim for the violation of California Business and Professions Code § 17200 against an individual adjuster. See Gopp v. Legion Ins. Co., No. C01-0539 WHA, 2001 WL 1112155, at *3 (N.D. Cal. Sept. 10, 2001).

Even more clearly, Travelers has failed to carry its burden of showing that a claim for negligent misrepresentation cannot be maintained against Gomez. The dispositive case on this matter is Bock v. Hansen, 225 Cal. App. 4th 215, 228, 170 Cal. Rptr. 3d 293, 302 (2014), review denied July 16, 2014. There, just as here, a claim for negligent misrepresentation was asserted against an insurance adjuster. Brock, 225 Cal. App. 4th at 219. The trial court dismissed the claim without leave to amend because it found that the underlying insurance coverage dispute was a breach of contract case to which tort law was inapplicable, and because an insurance adjuster does not owe a claimant any legal duty. Id. at 224-26. The appellate court reversed, holding that an insurance adjuster can be held personally liable for a negligent misrepresentation made while acting within the scope of employment. Id. at 219. The court also expressly distinguished Sanchez v. Lindsey Morden Claims Services, Inc., 72 Cal. App. 4th 249, 84 Cal. Rptr. 2d 799 (1999), a case upon which Travelers relies in its Notice of Removal. Id. at 228.

Therefore, the Court cannot conclude, as a matter of law, that Plaintiff would be denied leave to amend its allegations against Gomez. As a result, Travelers has failed to carry its "heavy burden of persuasion" that Gomez was fraudulently joined in this action, and Gomez' citizenship cannot be ignored for the purposes of determining diversity of citizenship. See Plute, 141 F. Supp. 2d at 1008-12; Padilla, 697 F. Supp. 2d at 1159.

## Conclusion

For the reasons stated above, the Court determines that Travelers have failed to establish subject matter jurisdiction.[1] Accordingly, the Court remands this action to the Superior Court of the State of California for the County of Los Angeles, Case No. BC602405, for lack of subject matter jurisdiction.

IT IS SO ORDERED.

---

[1] Because the Court lacks subject matter jurisdiction over this action, Traveler's Motion to Dismiss (Docket No. 11) is denied as moot.